## Thomas Tait et al., Plffs. in Err., v. Thomas Hackett.

The question, What application was made of a voluntary payment by the

NOTE.—The debtor may direct the application of payments to a particular indebtedness. Smuller v. Union Canal Co. 37 Pa. 68. Where the ap-

parties to it? is for the jury; and their finding, if supported by sufficient evidence, cannot be disturbed.

(Decided May 24, 1886.)

Error to the Common Pleas of McKean County to review a judgment for plaintiff in an action upon a judgment note. Affirmed.

On November 24, 1881, a judgment was entered upon a judgment note in favor of Thomas Hackett against J. M. Tait and Thomas Tait for the sum of $10,000.

Defendants, alleging that this note was paid, made application to have the judgment opened and to be let into a defense; whereupon the court opened the judgment.

The plaintiff gave in evidence the record of the judgment and rested. The defendants, by way of supporting their claim of payment, alleged:

First. That the amount of the judgment was too great; that the amount of money received, and which made the consideration of the judgment, was only the sum of $9,066 and some cents.

Second. That a certain mortgage of one Bradley for some 8,000 barrels of oil was assigned by J. M. Tait to the plaintiff, to apply on the judgment in suit.

The defendants further claimed—and this claim was the principal matter in controversy, involving at least the largest amount—that in July, 1882, J. M. Tait entered into an agreement with the plaintiff to turn over to him certain oil productions which the plaintiff agreed to apply on the judgment; and that after he should receive the amount of the judgment he would turn over the balance to Thomas Tait to indemnify him for liability on obligations given by him for the indebtedness of J. M. Tait, and that the plaintiff did get his pay on the judgment.

---

plication is denied by the creditor, the question is for the jury. Moorehead v. West Branch Bank, 3 Watts & S. 550; Lingenfelter v. Williams, 8 Cent. Rep. 425, 9 Atl. 653. So, the manner in which the creditor applies the payment, in the absence of a direction by the debtor, must be passed upon by the jury as a question of fact. Dickinson College v. Church, 1 Watts & S. 462.

The court instructed the jury, *inter alia,* as follows: What was the agreement between J. M. Tait and Mr. Hackett, when the oil production was turned over to Mr. Hackett? What was it turned over for? The defendants claim that it was specifically to pay the judgment in suit. Have the defendants satisfied you by a fair preponderance of the evidence that such was the fact? If they have, and if the plaintiff has received pay for his judgment from this source, your verdict should be in the defendants' favor. But if they have failed in this measure of proof, then the verdict should be in the plaintiff's favor; for if there is no preponderance of the evidence on either side, the plaintiff, standing upon the judgment of a court of record, must prevail. That is, if the evidence is so evenly balanced that there is no preponderance in favor of the defendant, then the plaintiff, standing upon his right to judgment, must prevail; but whether there is such preponderance is a question for you to determine.

In opposition to this testimony of the defendants the plaintiff testifies emphatically that there was no agreement that the production should apply as a payment on the judgment. The claim of the plaintiff is that the judgment was secured; that there was no occasion why he should seek to have any additional security, because it was a lien on the real estate of both the defendants, J. M. Tait and Thomas Tait. And he states, that the defendants owed him some 2,300 barrels of oil and a bill of hardware amounting to some $1,300 or $1,400 against J. M. Tait, and that he, the plaintiff, has paid, or assumed to pay, the hardware bill, and that the production was turned over to him to get his pay on these, and for that purpose only, and that that was done at the solicitation of J. M. Tait, he being involved. Now which is correct as to the purpose for which the oil was turned over to Hackett? Was it turned over to pay the judgment, or was it turned over to indemnify and insure him the payment of the 2,300 barrels of oil, together with the hardware bill?

The jury found for plaintiff, and defendants brought error.

*W. B. Chapman* and *John B. Chapman* for plaintiffs in error.

*Sterrett & Rose, Moses Sullivan,* and *Charles McCandless* for defendant in error.

PER CURIAM:

The plaintiffs in error were both principals in the obligation. It was within the power of either to change the application of the proposed payment. The jury have found, and upon sufficient evidence, that the alleged payment was applied on other indebtedness. This was a question of fact which we cannot disturb.

Judgment affirmed.